GULLY, STATE TAX COLLECTOR, *v.* ATTALA COUNTY.

(Division B. Feb. 13, 1933. Suggestion of Error Overruled Mar. 13, 1933.)

[145 So. 907. No. 30415.]

Ralph L. Landrum, of Kosciusko, for appellant.

J. D. Guyton, of Kosciusko, for appellee.

88

Argued orally by **R. L. Landrum**, for appellant.

**Griffith, J.**, delivered the opinion of the court.

On November 3, 1930, the board of supervisors of Attala county made, among others, the following levy of ad valorem taxes on all the property in the county: "Four mills on each dollar of valuation for county road and bridge fund to defray the expenses of building bridges and maintaining the same and building and maintaining roads for the county." The town of Sallis, in said coun-

ty, works its streets at the expense of its municipal treasury. The total amount of property within said town, on which for the year 1930 the said ad valorem road tax of four mills was collected by the county, was ninety-eight thousand four hundred five dollars. The town demanded of the county that one-half of said four mills collected on said property within said town should be paid over to the municipal treasury, under section 6417, Code 1930. The county declined to do so, and sought to justify its refusal by an order entered on the minutes of the board of supervisors reciting as follows: ''The board is of the opinion that said town has no right to demand one-half of the four mill levy for roads and bridges because such levy was used by the board only in building and maintaining county bridges which are over thirty feet in length, and was not used for road purposes in the sense of these words as used in section 6417, Code 1930.'' Thereafter suit was instituted by the town through the state tax collector. The circuit court sustained the view taken by the county, and the town has appealed.

The territory within this state is full of streams, both large and small, and all or nearly all public roads, if of any length, cross many of such streams. There was perhaps a time in the long ago when bridges were not an indispensable part of the public roads, because under the mode of travel of those days fords an ferries were sufficient to complete the roads. But to-day, and since the automobile has become the ordinary mode of travel, when public roads or public highways are the subject of consideration, these terms include the bridges which now form an essential part thereof. 9 C. J., p. 422; 29 C. J., p. 368. If, therefore, the statute above cited had provided that the municipality shall receive one-half of the ad valorem taxes levied on property within the municipality for the construction and maintenance of the roads of the county, this would have referred, of course, to the public

roads, and thus would include bridges. But the term used by the statute is broader, and is "for road purposes." This, of course, means for public road purposes; and, since the construction and maintenance of bridges is within the comprehensive term used by the statute, it follows that the statute includes taxes levied for bridges. The statute, in using the broad term "road purposes," meant to include all those essential things which go to make, and into the making and maintenance of, a complete public highway as that term is commonly understood under modern conditions. The statute in question, as it stands in our present Code, is not to be whittled down by refinements of construction nor evaded by administrative devices. Town of Purvis v. Lamar County, 161 Miss. 454, 461, 137 So. 323.

Reversed, and judgment here for appellant.