# MUTUAL CREDIT UNION *v.* MISSISSIPPI EMPLOYMENT SECURITY COMMISSION

No. 41695 May 29, 1961 . 131 So. 2d 444

*Dabney & Dabney, W. E. Hudson, Jr.,* Vicksburg, for appellant.

*Gordon L. Smith,* Jackson, for appellee.

KYLE, J.

This case is before us on appeal by the Mutual Credit Union of Vicksburg, Mississippi, hereinafter referred to as the appellant, from a judgment of the Circuit Court of Hinds County rendered on February 15, 1960, affirming an order of the Mississippi Employment Security Commission sustaining the registration of the appellant as an employer under the Mississippi Employment Law (Ch. 176, General Laws of Miss., 1936, as amended, Sec-

tions 7368 to 7446, inc., Miss. Code of 1942, Rec.), and requiring payment by the appellant to the Employment Security Commission of contributions assessed against the appellant under authority of said act for the years 1958-1959.

The record shows that the appellant is a state chartered credit union chartered pursuant to Ch. 177, Laws of 1924 (Sections 5391 et seq., Miss. Code of 1942, Rec., as amended), and domiciled in the City of Vicksburg. The articles of association or incorporation were duly executed on April 7, 1931, and were duly filed for record and recorded in the office of the Secretary of State, as provided in said Chapter 177. The corporate name of the association was stated in the original Articles of Incorporation as the Federal Credit Union. But the name of the organization was changed by charter amendment in 1934 to The Mutual Credit Union. The par value of shares was fixed in the charter at $5 per share.

On May 4, 1959, the executive director of the Mississippi Employment Security Commission issued a certificate of registration to the appellant, which stated that the appellant had been registered as an employer under the Mississippi Employment Security Act, Chapter 176, Laws of 1936, as amended; and on May 8, 1959, a form letter was issued by the executive director on behalf of the Commission advising the appellant that the contribution rate to be paid by the appellant to the Employment Security Commission would be 2.7 per cent of the taxable payrolls of the appellant for the tax years 1957, 1958 and 1959.

On May 12, 1959, the appellant addressed a letter to the Mississippi Employment Security Commission, acknowledging receipt of a copy of the certificate of registration of the appellant as an employer under the Mississippi Employment Security Act, and also the formal notice that the appellant was liable for the payment of contributions under the Mississippi Employment Secu-

rity Law at the rate of 2.7 per cent for the years mentioned above; and in its letter of that date, the appellant's treasurer protested the registration made by the Commission for reasons as follows: (1) That the Commission as a matter of policy had treated all Federal chartered credit unions as exempt employers, and the Federal chartered credit union which was serving employees of the Commission had not been registered under the act of assessed taxes, unless it had "voluntarily" submitted to the act; (2) that the appellant, although state chartered, was chartered only to serve Federal government employees in Vicksburg and members of their immediate families, and if Federal credit unions were exempt from the provisions of the act the appellant should be exempt; (3) that the reasons for excluding Federal credit unions as a Federal agency from the provisions of the act were applicable to the exclusion of state credit unions under the state agency exemption; (4) that a credit union is organized for the sole purpose of promoting thrift among a group of people who have some community of interest, and there should be no discriminatory treatment of state-chartered credit unions. The appellant in its letter of protest requested a full scale hearing on the matter by the Commission.

On May 15, 1959, the executive director of the Mississippi Employment Security Commission, pursuant to the provisions of Section 14 of the Employment Security Law, and the rules and regulations of the Commission, gave notice by certified mail to the appellant that unless it filed with the Commission, within fifteen days from that date, contribution and wage reports for the period beginning January 1, 1957, and ending March 31, 1959, it would be the duty of the executive director to determine the amount of the contributions due, if any, on the basis of such information as was readily available to him, and to assess the appellant with the amount of contributions so determined, to which there might be added

as damages an amount equal to ten per cent thereof. The appellant failed to file with the Commission the contributions and wage reports referred to, within the time required by said notice, and thereupon the Executive Director, on the basis of information available to him, made a determination of the amount of contributions due by the appellant to the Commission on June 1, 1959, and assessed the appellant for contributions due for the period from January 1, 1957, through March 31, 1959, in the amount of $607.50, with interest thereon in the sum of $64.99, making a total of $672.49; and the executive director made demand upon the appellant for the amount stated. The executive director also advised the appellant that the assessment would become final at the expiration of fifteen days from that date, unless the appellant filed with the Commission a written protest and a petition for a hearing thereon.

Such protest was filed, and after due notice of the time and place of the hearing had been given to the appellant, the Commission at its meeting on Friday, September 18, 1959, heard and considered the appellant's protest. The appellant was represented by counsel and the testimony was taken on behalf of the respective parties. The Commission took the matter under advisement, and briefs were filed with the Commission; and on November 13, 1959, a final order was entered.

The Commission found that on the basis of the evidence submitted the employer did not have four or more employees during the year 1957, and that the assessment of contributions for that year should be revoked and cancelled. The Commission found that the employer did have four or more covered employees for the four quarters of 1958 and for the first quarter of 1959, and that the appellant was subject to registration and assessment of contributions under the Employment Security Law, at the rate of 2.7 per cent of the taxable payrolls for the tax year beginning January 1, 1958,

and the quarter year ending March 31, 1959. It was therefore ordered by the Commission that the protest of the appellant be sustained with regard to the payment of any assessments for the four quarters of 1957, and that the assessment of contributions for the year 1957 be revoked and cancelled. It was further ordered that the protest be denied with respect to the four quarters of 1958 and the first quarter of 1959, and the rate of such contributions was fixed at 2.7 per cent of the taxable payrolls for the covered period. It was further ordered by the Commission that the amount of contributions due and payable by the employer for the period from January 1, 1958, through March 31, 1959, be fixed at $337.50, with interest to be added in the sum of $54.

From that order the appellant prosecuted an appeal by writ of certiorari to the Circuit Court of the First Judicial District of Hinds County. The cause was heard by the circuit court and a judgment was entered on February 15, 1960, affirming the order of the Mississippi Employment Security Commission. From that judgment the appellant has prosecuted this appeal.

 █ The first point argued by the appellant's attorneys as ground for reversal of the judgment of the lower court is that the court erred in its holding that the tax exemption provisions of Section 5423, Miss. Code of 1942, Rec., as the section appeared in the Code at the time the judgment in this case was rendered, were not applicable to the contributions assessed against the appellant under the authority of the Mississippi Employment Security Law. It is argued that the holding of the trial judge was based upon the erroneous conclusion that the legislature, by the enactment of the Social Security Law, had effected an implied repeal of the tax exemption granted to state credit unions by said Code Section 5423.

But we think there was no error in the holding of the circuit court that the appellant was not exempt, by vir-

tue of the provisions of said Code Section 5423, from payment of contributions under the Mississippi Employment Security Law.

Sections 5422 and 5423, Code of 1942, Rec., were enacted as a part of Chapter 177, General Laws of Mississippi, 1924, and were brought forward as a part of Chapter 5 of Title 21, Code of 1942, Rec., same being the code chapter on state credit unions. The two sections have been amended by Chapter 185, Laws of 1960, which was enacted after the rendition of the judgment from which this appeal was taken. But we are not concerned here with the 1960 amendments.

Code Section 5422, prior to the 1960 amendments, provided for the payment of a graduated privilege license tax by each credit union, which was an annual tax to be paid to the sheriff and tax collector in the county in which the principal place of business of such credit union was situated.

Section 5423 then provided in part as follows:

" * * * The provisions of this chapter are for the purpose of promoting thrift and to afford members of said association means of borrowing money for provident purposes, and such credit unions are so classified that the foregoing privilege taxes shall be in lieu of any and all other taxes on said credit unions, or their property, state, county, or municipal, other than taxes on real estate."

The rule is well settled that exemption statutes must be strictly construed against the person claiming the exemption.

In Gulfport Building & Loan Ass'n. v. City of Gulfport, 155 Miss. 498, 124 So. 658, the Court had before it the question as to whether or not the language in the last paragraph of Section 53 of Chapter 118, Laws of 1926 (Section 7608 of Hemingways Code of 1927), which provided that the privilege tax there imposed on build-

ing and loan associations should be in lieu of all other taxes, whether state, county, or municipal (except taxes on real estate), exempted building and loan associations from municipal privilege taxes; and the Court in its opinion said: ''In construing the statute, the principle must be kept in mind that an exemption from taxation will never be presumed, that a tax exemption statute will not be enlarged by construction, since the presumption is that the statute expressly granted all that it intended to grant. An exemption statute is construed strictly against the person claiming the exemption. Bolivar County v. Merck (153 Miss. 346), 120 So. 839. So construing the statute here, we are of opinion that the language of the statute relied on by appellant, quoted above, was intended to exempt building and loan associations alone from ad valorem taxes except on their real estate, and not from privilege taxes by towns and cities. The language 'in lieu of all taxes' means all other taxes than privilege taxes by such municipalities.''

There is no reason to believe that the legislature, by the enactment of Section 5423, Code of 1942, Rec., as a part of the Credit Union Act of 1924, intended to immunize state mutual credit unions from such other forms of taxation as a succeeding legislature might see fit to impose to meet the increased demands for state governmental services which the state might be required to meet. The Legislature would have had no power to bind its successor, if it had attempted to do so.

The Mississippi Employment Security Law, which was enacted as Chapter 176, Laws of Mississippi 1936, was not enacted as a revenue measure designed to raise revenue for ordinary governmental purposes, but as a Social Security measure designed to create a system of unemployment compensation. As stated in Section 2 of the act (Section 7369, Code of 1942, Rec.), the statute was enacted under the police powers of the state, ''for the compulsory setting aside of unemployment reserves to

be used for the benefit of persons unemployed through no fault of their own.''

The statute provides its own plan for the creation of such unemployment reserves by the payment of contributions by employers for each year in which they are subject to the act. It sets forth its own definition of ''employer'', and it specifies its own exceptions and exclusions.

Section 7390, Code of 1942, provides in part as follows:

''Payment of Contributions. (1) On and after April 1, 1936, contributions shall accrue and become payable by each employer for each calendar year in which he is subject to this act. * * *.''

Section 7440, Code of 1942, as amended by Ch. 93, Laws of Extraordinary Session of 1955, provides in part as follows:

''As used in this act, unless the context clearly requires otherwise - - -

'' * * * *

'' (g) 'Employing unit' means any individual or type of organization, including any partnership, association, trust, estate, joint-stock company, insurance company or corporation, * * * which has or subsequent to January 1, 1935, had in its employ one or more individuals performing services for it within this state. * * *.

'' (h) 'Employer' means:

'' * * * *

'' (3) Effective, with respect to employment after December 31, 1956, any employing unit which for some portion of a day, but not necessarily simultaneously, in each of twenty different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment four or more individuals (irrespective of whether the same individuals are or were employed in each such day.''

Section 7440 also provides that the term "employment" shall not include certain types of employment, such as agricultural labor, domestic service in private homes, casual labor, maritime service, and service performed in the employ of the United States Government, or the state or any political subdivision thereof, and a few other types of service which are specifically mentioned. Service performed in the employ of mutual credit unions is not included in the list of exclusions. Under these circumstances it seems clear to us that the legislature did not intend to relieve or exempt state credit unions from the payment of contributions as provided for in the act.

In discussing the effect of express exceptions in statutes, the textwriter in 50 Am. Jur., Statutes, Sec. 434, p. 455, says: "The specification by the legislature of exceptions to the operation of a general statute, does not necessarily operate to preclude the court from applying other exceptions. However, where express exceptions are made, the legal presumption is that the legislature did not intend to save other cases from the operation of the statute. In such case, the inference is a strong one that no other exceptions were intended, and the rule generally applied is that an exception in a statute amounts to an affirmation and the application of its provisions to all other cases not excepted, and excludes all other exceptions or the enlargement of exceptions made."

In the case of Town of Purvis v. Lamar County, 161 Miss. 454, 137 So. 323, the Court said: " * * * we call attention to the rule that when a statute contains exceptions in express language, there is an admonition to the courts that the exceptions thus expressed are the only ones contemplated, and that further exceptions should not be ingrafted by construction unless the necessity therefor be inescapable or the propriety thereof be substantially incontrovertible."

The Mississippi Employment Security Act specifies the types of employment which shall be excluded from the provisions of the act; and neither the Employment Security Commission nor the court can add to the list of exclusions other types of employment which are not specified in the act itself.

It is argued, however, that the legislature, by the enactment of Chapter 185, Laws of 1960, which became effective July 1, 1960, indicated its intention that both state and federal credit unions should be exempted from liability for the payment of unemployment security taxes. But the amendment of code sections 5422 and 5423, Code of 1942, by Chapter 185, Laws of 1960, has no bearing on the question as to the appellant's liability for contributions due and owing for the taxable years 1958 and 1959, for which judgment was rendered in this case; and we express no opinion as to the effect of Chapter 185, Laws of 1960, on the liability of state credit unions for assessments under the Employment Security Law after the effective date of that act.

██ █ Finally, it is argued that the appellant is excluded from the Mississippi Employment Security Law by virtue of the provisions of Code Section 7440(i) (6) and subparagraph (J) (d), which provides as follows:

"(d) Service performed in the employ of a voluntary employees' beneficiary association providing for the payment of life, sick, accident or other benefits to the members of such association or their dependents or their designated beneficiaries, if (i) admission to membership in such association is limited to individuals who are officers or employees of the United States Government, and (ii) no part of the net earnings of such association inures (other than through such payments) to the benefit of any private shareholder or individual; * * *.''

But it seems clear to us from an examination of the statute under which state mutual credit unions are chartered (Section 5391 et seq.; Mississippi Code of 1942,

Rec.), that such organizations are business enterprises which do not come within the exclusion mentioned above; and there is no evidence in the record which indicates that the appellant is a voluntary employees' beneficiary association within the meaning of said Section 7440 (i) (6), of the Mississippi Employment Security Law.

We find no reversible error in the record, and the judgment of the lower court is therefore affirmed.

Affirmed.

*Lee, P.J.,* and *Arrington, Ethridge* and *Rodgers, JJ.,* concur.