Mississippi Employment Security Commission *v.* Logan, d.b.a. Logan's Barbershop

No. 42861       January 20, 1964       159 So. 2d 802

*H. L. Hutcherson,* Jackson, for appellant.

*Ben H. Walley,* Jackson, for appellee.

GILLESPIE, J.

The Employment Security Commission, appellant, assessed Charles F. Logan, doing business as Logan's Barber Shop, for contributions (employment security tax) under the Mississippi Employment Security Law, based on the Commission's finding that certain barbers performing services in appellee's place of business were employees of appellee. The period covered by the assessment began January 1, 1961. On review by the Circuit Court the order of the Commission was reversed and that Court held that appellee was not liable for the assessment of contributions because he did not have any employees within the meaning of the Act.

Appellee has owned and operated a barber shop in the City of Jackson since May 1957. Prior to January 1, 1961, appellee employed barbers who worked on a commission basis, each barber receiving seventy percent of his gross intake and the appellee paid the three percent social security tax, leaving appellee a net of twenty-seven percent of the gross earnings or intake of each barber.

Effective January 1, 1961, appellee entered into a contract with each of the four barbers, under the terms of which appellee leased to each a certain chair in the barber shop, together with the right and privilege to allow the customers of the lessee to use the chairs, waiting room and other facilities within said barber shop. The contracts ran for twelve months and the rental paid by each barber was $5.40 per week, payable weekly, which covered the rental due on the first $20 of gross receipts taken in by the lessee and in addition thereto, twenty-

seven percent of all gross receipts in excess of the first $20. Appellee, as the lessor, agreed to furnish lessee heating, lighting, water, cooling system, proper hair tonics, shaving soaps, lathers, shampoo, and other materials commonly used by lessee in operating as a barber. The lessees furnished their own tools such as scissors, hair clippers, combs and brushes. Either party could terminate the agreement within ten days. The proof showed that the amount of net received by appellee from each barber and the amount of net earned by the barbers was substantially the same after January 1st under the lessee agreement as it had been prior thereto when they were employees of appellee. The principal difference was that the lessees paid social security tax after January 1st.

The sole question for decision is whether the barbers under said lease agreement are employees of appellee within the meaning of the Mississippi Employment Security Law. We hold that the barbers leasing said chairs are employees of appellee.

The applicable part of the statute is Subsection 10(i) (5), Chap. 412, Laws of 1948 (Sec. 7440, Miss. Code of 1942), which defines an employer, and wherein it is provided that employment means:

"Services performed by an individual for wages shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the commission that such individual has been and will continue to be free from control and direction over the performance of such services both under his contract of service and in fact; and the relationship of employer and employee shall be determined in accordance with the principles of the common law governing the relation of master and servant."

Under another subsection of the statute wages is defined as meaning "all remuneration for personal services including commissions and bonuses. . . ."

In Miss. Employment Security Commission v. Heidelberg Hotel Co., Inc., 211 Miss. 104, 57 So. 2d 47, we held that the contract between the reputed employer and employee is relevant but is only one of the numerous elements to be considered in determining the question of employer-employee relationship under the Mississippi Employment Security Law, and that the true test incorporates a consideration of all the facts and the economic realities. The modern tendency is to find employment when the work being done is an integral part of the regular business of the employer and when the worker, relative to the employer, does not furnish an independent business or professional service. Miss. Employment Security Com. v. Plumbing Wholesale Company, 219 Miss. 724, 60 So. 2d 814. Courts ordinarily consider the actual practice of the parties which supplements their written contract and if their actual relationship is such as to bring the parties within the scope of the act, the courts will so hold. 14 Am. Jur. 523. In Texas Company v. Wheeless, 185 Miss. 799, 187 So. 880, this Court said that the test is whether the service is subject to the right of control by the alleged master. One may be actually under slight supervision or control, but still be an employee where the right of control existed and the service performed was a part of the regular business of the alleged employer. Miss. Employment Security Commission v. Plumbing Wholesale Co., 219 Miss. 724, 60 So. 2d 814. In Texas Company v. Mills, 171 Miss. 231, 156 So. 866, the Court set forth certain matters which determine whether the employer-employee relationship exists.

We are of the opinion that the Commission was fully justified in finding that the barbers under the leasing arrangement with appellee are employees of appellee. The business is operated under appellee's name and is known and held out to the public as such. Appellee is in control to the extent that within ten days

he can discharge any of the barbers by merely cancelling their leases. These barbers are performing a part of the regular business being conducted by appellee; their services are an integral part of appellee's business. We are of the opinion that there is no substance to the contention that the barbers leasing chairs from appellee operate independent businesses of their own. For all practical purposes the written contracts changed nothing. The law considers substance rather than form.

We are, therefore, of the opinion that the judgment must be reversed and judgment entered here reinstating the order of the Commission.

Reversed and judgment here reinstating the order of the Commission.

*Lee, P. J., and McElroy, Jones and Brady, JJ.,* concur.