SMITH, Justice:
This appeal arises from an attachment in chancery brought in the Chancery Court of Lauderdale County by the Tax Collector of the City of Meridian for the collection from Century 21 Shows Incorporated, an Alabama Corporation, appellee and cross-appellant, of municipal privilege taxes and penalties due the City of Meridian for the years 1967, 1968 and 1969, as imposed by Chapter 120, Laws of 1940 and Chapter 137, Laws of 1944, and amendments thereto. Appellee and cross-appellant, Mississippi-Alabama State Fair Corporation, a Mississippi corporation, was joined as resident defendant indebted to, or having in its hands effects of, Century 21 Shows Incorporated.
Mississippi-Alabama State Fair Corporation operates an annual fair at Meridian. Century 21 Shows Incorporated owns various mechanical rides, devices and shows and is engaged in the business of operating these at fairs and carnivals for profit. In *234 the years in question, Mississippi-Alabama State Fair Corporation contracted with Century 21 Shows Incorporated to install and operate at its annual fair its various rides, devices and shows. In each of these years, Mississippi-Alabama State Fair Corporation had substantial income derived from admissions to the fairgrounds and from other sources directly connected with its operation of the fair, including income arising from the operation of the rides, devices and shows by Century 21 Shows Incorporated. It is the claim of Mississippi-Alabama State Fair Corporation that it is a community fair exempt from privilege taxes of the type sued for under the provisions of Mississippi Code 1942 Annotated section 9696-220 (1956), and consequently, its contractee, Century 21 Shows, is protected by the exemption from the imposition of the taxes.
In 1969 this Court had occasion to pass upon the question of whether Mississippi-Alabama State Fair Corporation was or was not a community fair so as to be exempt from state privilege taxes on admissions under Mississippi Code 1942 Annotated section 9083 (Supp.1971). (Emphasis added.)
The decision of the Court in that case is reported as Mississippi State Tax Commission v. Mississippi-Alabama State Fair, 222 So.2d 664, 667 (Miss.1969). In a footnote appended as part of the opinion, the Court said:
[W]e have examined the entire transcribed record, and we are convinced that the Tax Commission acted properly in making the assessment. We are convinced that the taxpayer, Mississippi-Alabama State Fair, is not entitled to the exemption claimed under the authority of section 9083, Mississippi Code 1942 Annotated (Supp.1968).
The present record shows that, following the decision in the cited case, Mississippi-Alabama State Fair Corporation undertook to make certain changes of a peripheral character, none of which, however, impinged upon the decisive question of whether “ . . . the proceeds thereof (income derived from operation of the fair) are used exclusively for the operation, maintenance and improvement of such fair.” (Section 9696-220, above.) (Emphasis added.)
The relationship between Mississippi-Alabama State Fair Corporation and Century 21 Shows Incorporated is contractual. The former operates the overall fair and the latter provides the mechanical rides, devices, games, shows and other amusements for which fees are charged. The contract provides, among other things, that Mississippi-Alabama State Fair Corporation shall indemnify Century 21 Shows Incorporated against taxes for which the latter may become liable by reason of its activities in connection with the fair.
At the conclusion of the trial in the court below, the chancellor found that the Council of the City of Meridian had “exempted” appellees and cross-appellants from payment of these taxes for the years 1967 and 1968. The court also found, however, that Mississippi-Alabama State Fair Corporation was not a community fair within the meaning of the exemption statute and that the so-called changes made since the decision in Mississippi State Tax Commission v. Mississippi-Alabama State Fair, supra, had not altered its character nor entitled it to exemption from the taxes in question. The chancellor declined to enter judgment for the 1967 of 1968 taxes but awarded a money judgment against both defendants jointly for the taxes for 1969, without penalty, apparently in consideration of the attempted grant of an exemption by the City Council and because there had been no bad faith involved in the failure to pay.
The question, obviously, is not whether appellees and cross-appellants are engaged in legitimate business enterprises nor whether certain praiseworthy benefits or advantages are derived by the municipality or by the public in general from their activities. They are liable for the *235 tax unless they bring themselves and their activities within the exemptions defined by the statutes. Exemption statutes are strictly construed against those claiming the exemption. Mutual Credit Union v. Mississippi Employment Security Commission, 241 Miss. 432, 131 So.2d 444 (1961).
Vol. 16, McQuillin, Municipal Corporations, section 44.65, p. 198 (3rd Ed. 1963) states:
The earlier decisions, and the recent ones as well, adhere to the familiar rule that a municipality, even though it receives a valuable consideration therefor, has no inherent power to exempt from taxation property which it is authorized by statute or its charter to tax, since delegation of power to tax does not include power to exempt from taxation or power to remit or compromise taxes; and, of course, it cannot exempt property where exemptions are forbidden by the constitution or a statute.
As we understand the record, Century 21 Shows Incorporated, makes no claim that it is not a private corporation organized and in business for profit, nor that it is not engaged in providing and operating for profit the usual rides, games and devices ordinarily found at carnivals and fairs. Fees are charged by Mississippi-Alabama State Fair Corporation for admission to the fairgrounds and it derives income from other fair activities. The record makes it abundantly clear that the proceeds derived from these activities are not “used exclusively for the operation, maintenance and improvement of such fair. . . .” (Emphasis added.)
It does appear that, prior to 1969 there were orders on the minutes of the Council of the City of Meridian purporting to waive municipal privilege taxes on these activities. However, the Council was without power to waive payment of taxes imposed by statute upon non-exempt persons or corporations.
The activities of Mississippi-Alabama State Fair may, and probably do, make worthy contributions to the community but that does not make it a “community fair” under the statute nor entitle it to the statutory exemption as such so long as a substantial portion of its income is diverted to any “ . . . individual or individuals,” even though this is done without any suggestion or imputation of wrongdoing or even of impropriety. We think it clear from the record that it is not a community fair within the meaning of the statute. But even if it were, this fact would not effect an exemption of Century 21 Shows.
In the trial in the court below as well as in the briefs and arguments in this Court, emphasis on the part of Mississippi-Alabama State Fair and Century 21 Shows has been placed almost entirely upon the proposition that Mississippi-Alabama State Fair is exempt from privilege taxes as a community fair and has spread the mantle of this exemption over Century 21 Shows so as to protect it also against imposition of such taxes.
There is no merit in a second contention of appellees cross-appellants that Century 21 Shows did not do business in Mississippi so as to subject itself to the tax.
While they now assign failure of the chancellor to so hold as an “error” committed by the trial court, as a matter of fact it was not raised in the court below and the chancellor was given no opportunity to pass upon it. It was not set up as a defense in the answer filed by Century 21 Shows nor was it included in the request of defendants for a statement by the chancellor of his findings of fact and conclusions of law. The contention appears to be without merit and, in any case, it is too late to raise the defense here for the first time.
The course of the trial in the court below evidently tended to obscure the roles of the respective defendants as laid in the original bill of complaint. This seems to have lead the chancellor to enter judgment, without question as to form, against both *236 of the defendants jointly rather than as non-resident debtor and resident garnishee. No point seems to have been made about this below, and none was made in the original briefs or in the arguments of counsel on appeal. Our attention has now been drawn to the matter, however, and it will be necessary that it be put in proper form.
On cross-appeal, the decree will be affirmed insofar as it entered judgment for the 1969 taxes against Century 21 Shows, and on direct appeal, it will be reversed, insofar as it denied recovery of the statutory penalty and interest on such taxes and remanded for determination of the amount of such penalties and interest. On direct appeal, the decree denying recovery of the 1967 and 1968 taxes from Century 21 Shows will be reversed and judgment entered here against said appellee and cross-appellant as to liability for such taxes, with penalties and interest, and the case remanded for determination of the amount thereof as provided by statute, and for further proceedings, not inconsistent herewith, for subjecting the indebtedness of Mississippi-Alabama State Fair to Century 21 Shows and the effects of the latter in its hands to the satisfaction of the final judgment.
On cross-appeal, that part of decree awarding judgment against Century 21 Shows for 1969 taxes is affirmed.
On direct appeal, those parts of decree denying recovery from Century 21 Shows of 1967 and 1968 taxes, with penalties and interest, and denying recovery of penalty and interest on the amount of 1969 taxes, are reversed, judgment against Century 21 shows as to liability therefor is entered here, and cause remanded for determination of the amounts thereof respectively, and for further proceedings, not inconsistent herewith, for subjecting indebtedness of Mississippi-Alabama State Fair to Century 21 Shows and the effects of the latter in its hands to the satisfaction of the final judgment.
RODGERS, P. J., and PATTERSON, ROBERTSON and SUGG, JJ„ concur.