586 So.2d 834 (1991)
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION
v.
TOTAL CARE, INC.
No. 90-CC-1179.
Supreme Court of Mississippi.
September 25, 1991.
*835 Jan Garrick, Jackson, for appellant.
M. Channing Powell, Gulfport, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal presents the question whether a corporation operating a uniquely formed health care personnel service is an employer liable for contributions under the Mississippi Employment Security Act. The Circuit Court held the question turned on whether the health care workers the company provided stood in the common law relationship of master and servant and, on essentially undisputed facts, answered the question in the negative. We affirm.

II.
Total Care, Inc. is a Mississippi corporation based in Gulfport and is engaged in the business of providing health care personnel  nurses, aides and sitters  to hospitals and to individuals on an as-needed basis. The customer pays Total Care an hourly fee for the work these nurses, aides and sitters actually do. In turn, Total Care pays its health care personnel at an hourly rate.
The matter was explored fully before the Mississippi Employment Security Commission's hearing officer who found as a fact:
Total Care, Inc. is in the business of supplying qualified registered nurses, licensed practical nurses, aides, and sitters to hospitals and individuals on an as-needed basis. For services rendered, the appellant is paid an hourly fee by the work site. From this fee charged the work site, the individual worker is paid by the appellant an hourly pay rate for services rendered. The worker must have the normal license and qualifications of the field in which they work. On the work site, the worker comes under the rules and regulations of the work site and is expected to comply with the instructions given by the work site supervisors, doctors, or other individuals in charge at the work site. The workers bring nothing into this relationship other than their training, skills, and minor equipment, such as blood pressure [cuffs]. The workers have no substantial investment. The workers are paid only for hours worked. They must personally perform the services. Services can be terminated at any time by either party or the work site without penalty. The workers are free to refuse an assignment. The appellant's total income is derived from the services performed by the workers. The workers are not free from direction and control over their performance of the services. [Emphasis supplied]
*836 The MESC Board of Review approved these findings in their entirety and held Total Care an employer liable under the Act for contributions to the Employment Security Trust Fund.
Total Care appealed to the Circuit Court of the First Judicial District of Hinds County, Mississippi, and on October 18, 1990, that Court reversed, holding that:
The evidence supports only one conclusion  the nurses, aides and sitters are independent contractors, not employees of Total Care, Inc.
MESC now appeals to this Court.

III.
Without doubt, Total Care paid its workers, but this does not per se make the workers employees, nor Total Care an "employer." Rather, we inquire whether the work done for these wages is "employment" within the Mississippi Employment Security Act, Miss. Code Ann. § 71-5-11(I) (Rev. 1989). When we weave the complex structure of the Act, we find that all turns in the end on Miss. Code Ann. § 71-5-11(I)(14) (Rev. 1989), which reads:
(14) Services performed by an individual for wages shall be deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the commission that such individual has been and will continue to be free from control and direction over the performance of such services both under his contract of service and in fact; and the relationship of employer and employee shall be determined in accordance with the principles of the common law governing the relation of master and servant.
Mississippi Employment Security Commission v. PDN, Inc., 586 So.2d 838, ___ (Miss. 1991), concerns a not dissimilar question regarding the status of a medical placement service under our Employment Security Act and sheds much light on today's issue. PDN holds that the nurses, aides and sitters associated with PDN, Inc. were not engaged in "employment" and does so on facts much like today's. There is no reason to repeat PDN's rationale.
The core difference here is that Total Care, Inc. pays its workers directly, while PDN, Inc. does not.[1] In PDN, the customer pays the health care worker PDN, Inc. refers to it and, indeed, the worker pays PDN two dollars ($2.00) per hour for all hours worked. The reason all of this is important is that a holding today that Total Care's workers are not engaged in employment means the wages Total Care pays those individuals is not subject to the unemployment tax (euphemistically "contributions").
It is well to recall that the Employment Security Act emanates from legislative recognition that "economic insecurity due to involuntary unemployment is ... [a menace and evil]." Mississippi Employment Security Commission v. B.C. Rogers & Sons, Inc., 193 So.2d 564, 566 (Miss. 1967). In a statement of public policy we have described as "as strong and positive words as the English language provide," Mississippi Employment Security Commission v. B.C. Rogers & Sons, Inc., 193 So.2d at 566, the Legislature has settled upon a method of confronting the curse of involuntary unemployment
by encouraging employers to provide more stable employment and by the systematic accumulation of funds during periods of employment to provide benefits for periods of unemployment, ... .
and by mandating the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own. Miss. Code Ann. § 71-5-3 (Rev. 1989); see Mutual Credit Union v. Mississippi Employment Security Commission, 241 Miss. 432, 440, 131 So.2d 444, 448 (1961); Texas Co. v. Wheeless, 185 Miss. 799, 819-20, 187 So. 880, 882 (1939). For all employment covered by the Act, employers must make contributions to the Employment Security Trust Fund based upon a percentage of all wages paid, modified by the experience rating *837 record of the particular employer. Miss. Code Ann. §§ 71-5-351 through -355 (Rev. 1989); Prentiss Manufacturing Co., Inc. v. Mississippi Employment Security Commission, 558 So.2d 866, 867 (Miss. 1990); Mississippi Employment Security Commission v. City of Columbus Light and Water Department, 424 So.2d 553, 554-55 (Miss. 1982). We call these contributions, but they are a tax in every practical and economic sense. Mutual Credit Union v. Mississippi Employment Security Commission, 241 Miss. 432, 438, 131 So.2d 444, 446-47 (1961); Mozingo v. Mississippi Employment Security Commission, 224 Miss. 375, 383-84, 80 So.2d 75, 78-79 (1955); Texas Co. v. Wheeless, 185 Miss. 799, 822, 187 So. 880, 888 (1939).
A sense of structure inheres in the Act or any such act, suggesting substantive as well as distributional ends. On the whole, employment generates gains for employer and employee and enhances the community's wealth as well. The tax  the contribution  should be collected with respect to all gainful employment, so that the fund will be substantially adequate to pay those unfortunate few subjected to involuntary unemployment. The Act's implicit twin policy goals are a pie adequate to the beneficiaries' needs and an equitable distribution of the burden of baking the pie.
Employers profiting from the productivity of their personnel but not paying the tax in a very real sense are gaining a windfall vis-a-vis their fellow employers. Notwithstanding, we confront an act of the Legislature and we do so realizing that there is no natural law of unemployment tax contributions by which the statute must be measured. See Burrell v. Mississippi State Tax Commission, 536 So.2d 848, 857 (Miss. 1988); General Motors Corp. v. Mississippi State Tax Commission, 510 So.2d 498, 500 (Miss. 1987); Mississippi State Tax Commission v. Dyer Investment Co., Inc., 507 So.2d 1287, 1290 (Miss. 1987). MESC and the courts are charged to implement the policies expressed and implicit in the fact, but they may do so only as allowed by the language of the Act. The Legislature has defined "employer" and "employee" and all such definitions are arbitrary at the edge. All of this brings us back to Subsection 14 of Section 71-5-11(I) quoted above where, for better or for worse, the Legislature has tied the definition of employment to "the principles of the common law governing the relation of master and servant." We do not write upon a clean slate.
Total Care has drafted its agreements with its workers with Total Care using at every opportunity terminology that would suggest that its nurses, aides and sitters are independent contractors. However forceful such language may be inter se, they cannot seriously urge that it is binding upon third parties or upon the state through its Employment Security Commission. See Elder v. Sears, Roebuck & Co., 516 So.2d 231, 235 (Miss. 1987); Hardy v. Brantley, 471 So.2d 358, 372 (Miss. 1985).
Courts ordinarily consider the actual practice of the parties which supplements their written contract and if their actual relationship is such as to bring the parties within the scope of the act, the courts will so hold.
Mississippi Employment Security Commission v. Logan, 248 Miss. 595, 600, 159 So.2d 802, 804 (1964).
Whatever the language the lawyers employ, the statute directs us to the common law principles of master and servant, and here we find a flexible, functional test. See, e.g., Webster v. Mississippi Publishers Corp., 571 So.2d 946 (Miss. 1990) (citing cases); Fruchter v. Lynch Oil Co., 522 So.2d 195, 199-200 (Miss. 1988); Kisner v. Jackson, 159 Miss. 424, 428, 132 So. 90, 91 (1931). Among the most prominent factors we have considered is "control," that is, to what extent does the putative employer control in substance and in detail the work activities of the person said to be an employee. We have held that:
One may be actually under slight supervision or control but still be an employee where the right of control existed and the service performed was a part of the regular business of the alleged employer.
Mississippi Employment Security Commission v. Logan, 248 Miss. 595, 600, 159 So.2d 802, 804 (1964); see also, Mississippi *838 Employment Security Commission v. Plumbing Wholesale Co., 219 Miss. 724, 735, 69 So.2d 814, 818 (1954). There is no talismanic formula we may mechanically apply. We draw from the general law of master and servant and in a variety of contexts. We have emphasized that the terms of the contract between the parties are only a part of the inquiry and that, even though the contract gives no right of control, the worker will be found a servant if there is substantial control in fact. Even so, we have stated repeatedly that:
The true test incorporates a consideration of all of the facts and the economic realities.
Mississippi Employment Security Commission v. Scott, 242 Miss. 514, 519, 137 So.2d 164, 165 (1962); Mozingo v. Mississippi Employment Security Commission, 224 Miss. 375, 80 So.2d 75, 79 (1955); Mississippi Employment Security Commission v. Logan, 248 Miss. at 600, 159 So.2d at 804, and, originally Mississippi Employment Security Commission v. Heidelberg Hotel Co., 211 Miss. 104, 116, 51 So.2d 47, 51 (1951).
It requires little insight to realize that this theory fits much better in the tort context when we are speaking of vicarious liability and respondeat superior. Still, as we say, covered employment is a function of what the Legislature has declared covered employment, and the fact that the language the Legislature has employed does not admit of complete consistency with the Act's statement of policy nor its implicit logic is a matter to be addressed to the Legislature, and not this Court. See Anderson v. State Farm Mutual Automobile Insurance Co., 555 So.2d 733, 734 (Miss. 1990); Hall v. State, 427 So.2d 957, 962 (1983).
It is true the Commission held Total Care an employer and the services performed by its nurses, aides and sitters "employment" within the Act. Such a determination is well within and subject to our duty of deference to agency interpretation and practice in areas of administration by law committed to their responsibility, expertise and concern. See Gill v. Mississippi Department of Wildlife Conservation, 574 So.2d 586, 593 (Miss. 1990); Mississippi State Tax Commission v. Moselle Fuel Co., 568 So.2d 720, 723 (Miss. 1990); Grant Center Hospital of Mississippi, Inc. v. Health Group of Jackson, Mississippi, Inc., d/b/a Riverside Hospital, 528 So.2d 804, 808 (Miss. 1988). This does not mean anything the agency says goes, and here as in PDN we are drawn to the reluctant conclusion the MESC allowed its central concern with the logic and rationale of the compensation system to infect impermissibly its perception of the statutory mandate.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, PITTMAN and BANKS, JJ., concur.
McRAE, J., dissents without separate written opinion.
NOTES
[1] In some cases, where its customer prefers, the customer pays PDN, which then pays the worker, so that the economic incidence of the worker's wages falls on the customer, not PDN.