805 So.2d 643 (2002)
ESTATE OF Seymour DULANEY by Terry DULANEY, Co-Executor of The Estate of Seymour Dulaney, Deceased, Appellant,
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Debra D. Thomas, Appellees.
No. 2000-CC-01908-COA.
Court of Appeals of Mississippi.
January 22, 2002.
*644 Dana J. Swan, Chapman, Lewis & Swan, Clarksdale, Attorney for Appellant.
Albert B. White, Milam & White, Madison, Attorney for Appellees.
Before SOUTHWICK, P.J., BRIDGES, and CHANDLER, JJ.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
BRIDGES, J., for the Court.
¶ 1. Debra Thomas and other similarly situated individuals worked for Seymour Dulaney as a personal caregiver and sitter from February 22, 1994, until his death on August 20, 1998. The individuals's services included giving a daily bath, performing diaper checks every two hours, and feeding and sitting with Mr. Dulaney. The services did not include any housekeeping duties. Mrs. Dulaney and other family members occasionally checked the work of the individuals in question and gave instructions to those individuals.
¶ 2. Thomas and the other caregivers worked shifts consisting primarily of eight hours, although occasionally the shift would be sixteen hours. These individuals were paid a set hourly rate plus mileage to and from the job site. This hourly pay would not increase if the individual worked over forty hours a week. The wage payments were made by check either weekly or biweekly. Thomas and the other individuals in question had permission to swap shifts with one another but were required to notify a family member in reference to the schedule changes. However, the Dulaney family had the right to designate shifts in order to properly maintain care and supervision of Mr. Dulaney. The individuals in question were not allowed to send substitutes to perform their job duties.
¶ 3. There was no explicit written employment contract between the Dulaney family and Thomas. However, there was a certification printed on the endorsement portion of the paycheck indicating, "[p]ayee hereby agrees by acceptance and/or endorsement of this instrument to report as earned income to all applicable authorities the amounts stated herein and to pay all appropriate taxes including self-employment or social security taxes."
¶ 4. All of the duties associated with the services in question were personal hygiene type issues, needing little or no detailed explanation, skills, or specialized training. Additionally, all of the tools and equipment needed to perform such services were provided by the Dulaney family.
*645 ¶ 5. Thomas worked for Mr. Dulaney until his death on August 20, 1998. After Mr. Dulaney's passing, Thomas filed for unemployment benefits which led to an investigation by the Field Representative of the Mississippi Employment Security Commission (MESC). The investigation was conducted by obtaining both verbal statements and written questionnaires from Thomas and the co-executor of Dulaney's estate, Terry Dulaney. This investigation was cause for determination by the MESC that Thomas was an employee of Dulaney and as a result she should receive benefits from his estate. This determination was based on Mississippi Code Annotated section 71-5-11(I)(14)(Rev.1998) which states the following:
Services performed by an individual for wages shall be deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the commissions that such individual has been and will continue to be free from control and direction over the performance of such services both under his contract of service and in fact; and the relationship of employer and employee shall be determined in accordance with the principles of the common law governing the relation of master and servant.
Miss.Code Ann. § 71-5-11(I)(14)(Rev.1998).
¶ 6. The Dulaney estate appealed this ruling to a hearing officer of the MESC. A hearing was held on May 27, 1999, where Terry Dulaney testified on behalf of the Dulaney estate. Thomas was notified of the hearing but failed to appear. The hearing officer determined Thomas was employed by Seymour Dulaney.
¶ 7. The Dulaney estate then appealed to the Full (three-member) Commission by submission of a brief. The Commission affirmed the hearing officer's fact findings and opinion on September 10, 1999.
¶ 8. The Dulaney estate appealed next to the Circuit Court of Hinds County. The Honorable W. Swan Yerger heard oral arguments and rendered his decision on September 29, 2000. This decision affirmed the findings of the MESC and determined the Commission decision was supported by substantial evidence and the law.
¶ 9. Not satisfied with the circuit judge's ruling, the Dulaney estate now appeals to this Court citing only one issue for review:

1. WHETHER THE LOWER COURT ERRED WHEN FINDING DEBRA THOMAS WAS AN EMPLOYEE OF SEYMOUR DULANEY, NOW DECEASED, INSTEAD OF AN INDEPENDENT CONTRACTOR.
¶ 10. Finding no error, we affirm.

STANDARD OF REVIEW AND LEGAL ANALYSIS
¶ 11. Our restrictive standard of review for administrative appeals is well known. "In the absence of fraud, an order from a Board of Review of the Employment Security Commission on the facts is conclusive in the lower court, if supported by substantial evidence. This court and the circuit court is limited to the findings of the Board of Review." Mississippi Employment Sec. Comm'n v. PDN, Inc., 586 So.2d 838, 840 (Miss.1991) (citing Willie B. Barnett v. Mississippi Employment Sec. Comm'n, 583 So.2d 193 (Miss.1991); Mississippi Employment Sec. Comm'n v. Pulphus, 538 So.2d 770, 772 (Miss.1989); Mississippi Employment Sec. Comm'n v. Sellers, 505 So.2d 281, 283 (Miss.1987)). On appeal, employees have the burden of overcoming a rebuttable presumption in favor of the Board's decision. Miss.Code Ann. § 71-5-531 (Rev.1995). See also Mississippi Employment Sec. Comm'n v. *646 Noel, 712 So.2d 728, 730 (¶ 5) (Miss.Ct. App.1998). "The denial of benefits may be disturbed only if (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope of power granted to the agency, or (4) in violation of the employee's constitutional rights." Id. (citing Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993)). Furthermore, the burden of proof is upon the party seeking to show that the worker is not an employee. PDN, Inc., 586 So.2d at 840.
¶ 12. "We have articulated the additional principle that employment security contribution assessments are an excise tax and, therefore, every doubt as to their application must be resolved in favor of the taxpayer and against the taxing power." Id. (citing Mozingo v. Mississippi Employment Sec. Comm'n, 224 Miss. 375, 80 So.2d 75, 79 (1955); Texas Co. v. Wheeless, 185 Miss. 799, 808, 187 So. 880, 889 (1939)).
¶ 13. This Court has specific factors to consider when determining the type of employment relationship, whether master/servant (employee/employer) or independent contractor. The factors to consider are:
(1) The extent of control exercised over the details of the work;
(2) Whether or not the one employed is engaged in a distinct occupation or business;
(3) The skill required in the particular occupation;
(4) Whether the employer supplies the tools and place of work for the person doing the work;
(5) The length of time for which the person is employed;
(6) The method of payment, whether by the time or by the job; and
(7) Whether or not the work is part of the regular business of the employer.
PDN, Inc., 586 So.2d at 841-42 (citing Mississippi Employment Sec. Comm'n v. Plumbing Wholesale Co., 219 Miss. 724, 69 So.2d 814 (Miss.1954)). However, the central issue to be considered in determining whether an individual is an employee or an independent contractor is whether the employer has the right to exercise control over the work of the employee. Gilchrist v. Veach, 754 So.2d 1172 (¶ 12) (Miss.2000). See also Richardson v. APAC-Mississippi, Inc., 631 So.2d 143 (Miss.1994); Mississippi Employment Sec. Comm'n v. Total Care, Inc., 586 So.2d 834 (Miss.1991); Mississippi Employment Sec. Comm'n v. PDN, Inc., 586 So.2d 838 (Miss.1991); Mississippi Employment Sec. Comm'n v. Plumbing Wholesale Co., 219 Miss. 724, 69 So.2d 814, 818 (1954). The Mississippi Supreme Court has previously held that "[o]ne may be actually under slight supervision or control but still be an employee where the right of control existed and the service performed was a part of the regular business of the alleged employer." Mississippi Employment Sec. Comm'n v. Logan, 248 Miss. 595, 159 So.2d 802, 804 (1964)(emphasis added).
¶ 14. The evidence adduced before the Commission consists primarily of testimony from the co-executor of the estate of Seymour Dulaney. For unknown reasons, Thomas failed to appear at the hearing to offer any verbal testimony. The Commission affirmed the opinion of the hearing officer who restated the law found in section 71-5-11(I)(14) and then stated:
Commission's Regulation TR 11 on Independent Contractors states the Law provides that the relationship of employer and employee shall be determined in accordance with the principles of the common law governing the relation of master and servant. Generally, the relationship *647 exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer, not only as to what shall be done, but how it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so. The right to discharge is also an important factor indicating that the person possessing that right is an employer. Other factors characteristic of an employer are the furnishing of tools and the furnishing of a place to work to the individual who performs the service. In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, he is an independent contractor, not an employee.
If the relationship of employer and the employee exists, the designation or description of the relationship by the parties as anything other than that of employer and employee is immaterial. Thus, if two individuals in fact stand in relation of employer and employee to each other, it is of no consequence that the employee is designated as a partner, co-adventurer, agent, or independent contractor.
The measurement, method, or designation of compensation is also immaterial, if the relationship of employer and employee in fact exists.
¶ 15. In offering authority to decide this issue, the Dulaney estate relies heavily on two Mississippi Supreme Court decisions decided in 1991, Mississippi Employment Sec. Comm'n v. PDN, Inc., 586 So.2d 838 (Miss.1991), and Mississippi Employment Sec. Comm'n v. Total Care, Inc., 586 So.2d 834 (Miss.1991). However, these cases are relied upon in error and are distinguishable from the present case.
¶ 16. Both PDN, Inc. and Total Care concern sitters and personal caregivers like Thomas in this case. However, the plaintiffs in these cases were the agencies which represented the actual caregivers. The supreme court held that these agencies were independent contractors and not employees within the meaning set forth in the Mississippi Code. Thomas's case differs from the two 1991 cases because she was not hired, represented or maintained by an agency. PDN, Inc. was a Mississippi corporation which operated a medical placement service for nurses, nurses' aides, and sitters. PDN, Inc., 586 So.2d at 839. PDN collected an hourly fee for each hour the nurse, aide, or sitter worked, either directly from the client or from the nurse, aide, or sitter. Id. at 840. Total Care, Inc. was a Mississippi corporation engaged in the business of providing health care personnel-nurses, aides and sittersto hospitals and to individuals on an asneeded basis. Total Care, Inc., 586 So.2d at 835. The customer would pay Total Care an hourly fee for the work these individuals would actually do. Id. In turn, Total Care would pay its health care personnel at an hourly rate. Id. Both of the agencies were contacted for employment and then the agencies would send the applicable employees to the work site. PDN, Inc., 586 So.2d at 840-43, Total Care Inc., 586 So.2d at 835-38.
¶ 17. Thomas was not a health care worker provided by a particular agency. The Dulaney family personally hired Thomas and the others after an interview *648 process to do the specified work. The Dulaney family maintained the employment status of Thomas. Additionally, the Dulaney family trained and supervised the work done by the individuals in the caregiver positions, which did not require any specialized skill or licensing. Thomas and the other individuals were paid directly and they in turn did not have anyone else to pay. The Dulaney family were the only people Thomas had to report to and take instruction from.
¶ 18. In examining the factors listed and normally considered to resolve the pertinent issue, we find the record shows:
(1) The Dulaney family did have the power to control or supervise the performance of the individuals in question of the work details;
(2) The caregiver position was not a distinct occupation controlled by statute and no license is required;
(3) There was no specialized skill or training required to be a caregiver;
(4) The Dulaney family provided all tools and equipment needed for the job; Thomas was not required to bring anything with her to complete the job;
(5) Thomas had been on the job for approximately four years and was subject to termination by the Dulaney family if they became dissatisfied with her work;
(6) The hourly wages were paid directly by the family to the worker on a weekly or bi-weekly basis; and
(7) This job was specific for the care of the elderly member of the Dulaney family.
¶ 19. We are not persuaded that the Appellant has met its burden of proving Thomas was an independent contractor. The Dulaney estate did not address the factors determinative of the status of the relationship. Therefore, we rule the circuit court and the Commission were correct in finding Thomas an employee of Seymour Delaney and therefore entitled to receive benefits for all the aforementioned reasons.
¶ 20. Looking to other authority and topics of discussion, we concern ourselves with the fact that Thomas did not appear for the hearing conducted by the hearing officer of the MESC. In usual circumstances, failure of a party to appear constitutes a waiver. However, this officer was not conducting a trial de novo. If he was, then failure to put on new evidence might be relevant. Instead, the hearing officer is to receive all the evidence accumulated by the examiner, and then "on the basis of evidence so submitted and such additional evidence as it may acquire," shall render an appellate decision. Miss. Code Ann. § 71-5-517 (Rev.2000). It is of no legal consequence that Thomas did not appear at the hearing.
¶ 21. Some thought should be given to the small amount of caregivers employed by the Dulaney family, specifically regarding whether the law requires a minimum number of employees to qualify as an employer. Mississippi Code Annotated § 71-5-11(H)(1)(b) (Rev.2000) states that one employee is enough. The only requirement is that this employee must receive at least one thousand dollars or more in any calendar quarter. Miss.Code Ann. § 71-5-11(I)(7) (Rev.2000). The record clearly shows this requirement has been met.
¶ 22. We also address the idea of temporary employees which have an inevitable end to the term of employment when the employer passes away. This is the situation in the case at bar. However, the Mississippi Code does not address this specific classification of employees. There are rules for seasonal employees, but personal caregivers like Thomas would not fit into this limited category of individuals *649 confined to professional baseball players and cotton ginners. Miss.Code Ann. § 71-5-509 (Rev.2000).
¶ 23. Accordingly, we affirm the Hinds County Circuit Court in its declaration of Thomas as an employee eligible to receive unemployment benefits.
¶ 24. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.