◼ In the Matter of HOLBROOK SPEECH SERVICES, INC., Doing Business as HOLBROOK SPEECH AND HEARING CLINIC, Appellant. LILLIAN ROBERTS, as Commissioner of Labor of the State of New York, Respondent.—Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 24, 1984, which assessed Holbrook Speech Services, Inc., with additional contributions due for the audit period January 1, 1980 through June 30, 1982.

Holbrook Speech Services, Inc. (Holbrook) is a professional corporation engaged in the business of providing the services of speech, occupational and physical therapists to nursing homes, home care agencies and private patients. The instant controversy arises from the Unemployment Insurance Appeal Board's assessment of additional contributions based on the remuneration paid these therapists for the audit period. The precise issue is whether the Board's characterization of the therapists as employees of Holbrook is supported by substantial evidence, generally a factual matter for Board resolution *(Matter of Concourse Ophthalmology Assoc. [Roberts],* 60 NY2d 734, 736). In our view, the record provides ample basis for the Board's decision. Although each case must necessarily be decided on its own particular facts *(see, Matter of Schwartz [Creative Tutoring—Roberts],* 91 AD2d 778), this case is strikingly similar to *Matter of Gentile Nursing Servs. (Roberts)* (65 NY2d 622, *revg* 106 AD2d 763), where an employer-employee relationship was found to exist in a nursing referral service. The analysis of the instant case leads to a similar conclusion.

Initially, it is clear that the services provided by the therapists are not of a nature to be supervised or controlled by the employer *(see, Matter of Goldstein [Roberts],* 61 NY2d 937;

*Matter of Concourse Ophthalmology Assoc. [Roberts], supra;
Matter of Eastern Suffolk School of Music [Roberts],* 91 AD2d
1123). There are, however, other indicia of an employment
relationship. Holbrook maintains a registry of therapists, who
are generally contacted through newspaper advertisements
listing the number of hours involved and the hourly rates.
Each applying therapist is required to complete a registry
form, providing identification, educational background and
preferred type of work. Holbrook first contracts directly with
the various clients and then selects an appropriate therapist
from the registry. The therapist is free to decline the position,
in which event Holbrook selects another. While rates are
subject to negotiation, Holbrook sets a maximum hourly rate
and pays the therapists biweekly, provided that invoices docu-
menting treatment and relevant patient data have been sub-
mitted. Holbrook bills its clients directly and collects payment.

During the relevant period, therapists were required to
notify Holbrook if they were unable to keep an appointment.
Holbrook, at times, would secure a replacement. Additionally,
therapists were required to provide four weeks' notice of
resignation or forfeit two weeks' pay. In the event a therapist
secured employment with one of Holbrook's clients, Holbrook
was to be reimbursed the equivalent of five years of contracted
fees. Cumulatively, these factors are indicative of an em-
ployer-employee relationship *(Matter of Gentile Nursing Servs.
[Roberts], supra).* While Holbrook strenuously maintains that
it is simply a "registry or referral service" and there is
considerable evidence supportive of this contention, such con-
flict merely presents a factual controversy for Board resolu-
tion. Upon comparison, it becomes clear that Holbrook was as
actively engaged in client contact, assignment, fees and wages
as was the employer in *Gentile Nursing Servs.*

Holbrook's further contention that it was denied due process
by the Board's disregard of the Administrative Law Judge's
factual findings is without merit. While the Board reversed
the Administrative Law Judge's determination, it was autho-
rized to assess the facts and reach a different result provided
its determination was supported by substantial evidence *(Mat-
ter of Padilla [Sephardic Home for Aged—Roberts],* 113 AD2d
997). Having already confirmed the propriety of the Board's
decision, Holbrook's due process argument must necessarily
fail.

Decision affirmed, without costs. Mahoney, P. J., Kane,
Casey, Weiss and Levine, JJ., concur.