■ In the Matter of NURSE CARE REGISTRY, INC., Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 4, 1988, which assessed the employer for additional unemployment insurance contributions.

The alleged employer, Nurse Care Registry, Inc. (hereinafter Nurse Care), furnishes health care personnel, mainly registered nurses and licensed practical nurses, to nursing homes and other health care facilities. Nurse Care, primarily through word of mouth and personal contact, has a list of such health care personnel which shows their occupations and the times they are available to work. When a particular facility requests the services of a registered nurse or other health care worker, Nurse Care selects a qualified individual from the list and informs that individual of the work opportunity. The individual can either accept the assignment or refuse it without penalty. If the individual accepts the assignment and later is unable to perform the work, the individual can secure another person to work in his or her place, providing such person is registered with Nurse Care.

The individuals listed with Nurse Care all have full-time positions elsewhere but they are not barred from working full time for the facility to which they are referred. The facility does not pay the individuals referred; Nurse Care does. Nurse Care is paid by the facility. The individual worker keeps track of the hours worked and reports them to Nurse Care. The facility makes a record of and verifies the hours worked by the individual and furnishes the record to Nurse Care. If the facility fails to pay Nurse Care, the individual worker does not suffer. The loss is Nurse Care's. Nurse Care exercises no supervision over the work of the individual referred to the facility and no report or evaluation of the individual's job performance is sent to Nurse Care. The rate of pay is that which is customary for the position at the facility. Nurse Care bills the facility based on the number of hours worked by the individual and is paid directly by the facility. Nurse Care makes no payroll deductions from the pay of the individual

worker. Nurse Care has a continuing financial relationship with the referred individual. Nurse Care maintains an office in Queens County where the telephone contacts are made and received and business records kept.

After a hearing held before an Administrative Law Judge (hereinafter ALJ), the ALJ sustained an initial determination of the Commissioner of Labor that the individuals in question were employees of Nurse Care and not independent contractors. The Unemployment Insurance Appeal Board adopted the findings of fact and the opinion of the ALJ and affirmed his decision, noting its reliance on *Matter of Gentile Nursing Servs. (Roberts)* (65 NY2d 622). This appeal by Nurse Care followed.

Nurse Care contends that the decision of the Board holding that the persons it refers to the various facilities are not independent contractors but employees of Nurse Care is not supported by substantial evidence in the record and should be reversed. We disagree.

The issue as to whether an employer is liable for contributions "does not turn on any one factor alone" *(Matter of Whyte [Good Care Nursing Agency—Roberts],* 132 AD2d 758, *lv denied* 70 NY2d 611). A reviewing court must uphold the Board's determination of this issue if it is supported by substantial evidence *(supra)*. Where, as here, there is active direction and control of client contact, of the individual worker's wages, and of the billing and collection from clients, an employment relationship can be found to exist as such activities constitute "substantial evidence of control over important aspects of the services performed other than results or means" *(Matter of Concourse Ophthalmology Assocs. [Roberts],* 60 NY2d 734, 736; *see, Matter of Gentile Nursing Servs. [Roberts],* 65 NY2d 622, 623, *supra)*. In such cases the clients to whom the individuals are referred act as agents of the referring organization for the purpose of supervising the daily work of such individuals *(Matter of Furno [Panasonic Co.—Roberts],* 102 AD2d 937, 938).

The differences between the instant situation and that of *Matter of Gentile Nursing Servs. (Roberts)* (65 NY2d 622, *supra)* are not sufficient to remove this case from the holding of *Gentile.* Further, here, as in *Gentile,* it is Nurse Care who selects or approves a particular worker for an assignment, who agrees to pay the worker a set hourly sum and who alone handles the billing and collection from clients. All of these are factors "symptomatic of an employer-employee relationship" *(supra,* at 623).

Decision affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.