■ In the Matter of the Claim of DENISE BARBATO, Respondent. ROYAL CARE, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 13, 1989, which, inter alia, assessed Royal Care for additional unemployment insurance contributions.

Royal Care provides health care personnel, such as licensed practical nurses, to nursing homes and other health care facilities. Prospective clients contact Royal Care seeking the services of a licensed practical nurse and from its roster of available nurses, Royal Care selects a nurse to provide such services. Claimant is a licensed practical nurse and was listed on Royal Care's roster of available nurses. Claimant was free to accept or reject any assignment offered by Royal Care. Royal Care established claimant's rate of pay. Claimant was required to maintain a time sheet which could be verified by the assigned client-facility in order to receive weekly payments from Royal Care for services rendered. Royal Care would later bill the client-facility for the services provided by claimant and collect a fee greater than the amount paid to claimant for the same services. Royal Care did not provide transportation, uniform, educational training or liability insurance for claimant. Claimant was free to solicit work from other agencies who operated businesses similar to Royal Care and to enter into an employment contract with any assigned client-facility. On or about November 23, 1987, claimant filed

a claim for unemployment insurance benefits and, after a hearing, was determined to be an employee of Royal Care and entitled to benefits. This appeal by Royal Care followed.

Resolution of whether Royal Care is liable for contributions does not turn upon any one factor alone and the Unemployment Insurance Appeal Board's determination of the issue must be upheld if supported by substantial evidence *(see, Matter of Concourse Ophthalmology Assocs. [Roberts]*, 60 NY2d 734, 736). In the case at bar, there existed active direction and control of client contact by Royal Care, control of claimant's wages as well as the billing and collection from clients. Under these circumstances, an employment relationship could be found to exist inasmuch as such activities constitute substantial evidence of control over important aspects of the services performed *(see, Matter of Nurse Care Registry [Hartnett]*, 154 AD2d 804, *lv denied* 76 NY2d 701). Furthermore, Royal Care selected a particular worker for assignment, agreed to pay the worker a set hourly wage and handled the billing and collection from clients. These factors have been held to be symptomatic of an employer-employee relationship *(see, Matter of Gentile Nursing Servs. [Roberts]*, 65 NY2d 622). Accordingly, the decision must be affirmed.

Weiss, J. P., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the decision is affirmed, without costs.