## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-CC-00590-SCT

*CLARK PRINTING COMPANY, INC.*

*v.*

*MISSISSIPPI EMPLOYMENT SECURITY COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/27/94 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | FRED J. LOTTERHOS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 9/26/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/17/96 |

**BEFORE SULLIVAN, P.J., McRAE AND MILLS, JJ.**

**MILLS, JUSTICE, FOR THE COURT:**

¶1. This appeal proceeds from an Order of the Hinds County Circuit Court (First Judicial District) affirming the Mississippi Employment Security Commission's (hereinafter MESC) decision that, in 1992, Clark Printing Company, Inc. (hereinafter Clark Printing) was a "newly subject employer" under Section 71-5-353 of the Mississippi Code of 1972. The Court is presented with a question of law involving a statutory tax scheme under the Mississippi Employment Compensation Law. We hold that Clark Printing is an eligible employer under the Mississippi Unemployment Compensation Law and reverse and remand for further proceedings consistent herewith.

## FACTS

¶2. The facts are undisputed. Clark Printing entered business in 1985. Since then, and until about August 1992, Clark Printing hired three different companies to handle various payroll services for it, including the reporting of wages and the payment of unemployment contributions to the Mississippi Employment Security Commission (MESC). In August 1992, Clark Printing hired Atwood Accounting to keep its books. At this point, MESC registered Clark Printing as a new employer, with the 2.7% rate prescribed by Miss. Code Ann. § 71-5-353 (2) ( 1972).

¶3. Clark Printing's arrangements with those employee leasing companies were pursuant to a verbal

agreement, whereby they would "payroll" for Clark Printing. The uncontradicted testimony before the Commission proved that the "employee leasing" firms merely provided Clark with payroll and benefit administration services, which included the processing of weekly payrolls, based on the number of hours reported by Clark, and the filing of monthly, quarterly and annual payroll and benefit employer tax reports. Clark was ultimately responsible for the payroll and all taxes, workers' compensation and benefits, and was billed by the firm[s] for all payroll and other employee expenses. That is, the employee leasing companies would report all employees as theirs and pay their wages, thereby achieving an economy of scale and saving money for Clark Printing, which would reimburse for the wages and pay a fee to the employee leasing company for its services. The economy of scale resulted in savings in workers compensation and other insurance expense as well as a low unemployment insurance rate, and the convenience of avoiding paperwork involved in making withholdings from employees' paychecks.

¶4. During the entire period of time, the employees at Clark Printing worked under the supervision and control of Mr. and Mrs. Clark.

## DISCUSSION

## STANDARD OF REVIEW

¶5. This Court's standard of review in MESC administrative decisions is:

> In applying similar provisions, courts of other jurisdictions have placed the burden of proof upon the party seeking to show the worker was not an employee. We approve and adopt this allocation of the burden of proof.

> Our restricted standard of review for administrative appeals is well known. In the absence of fraud, an order from a Board of Review of the Employment Security Commission on the facts is conclusive in the lower court, if supported by substantial evidence. This Court and the circuit court is limited to the findings of the Board of Review.

> We have articulated the additional principle that employment security contribution assessments are an excise tax and, therefore, every doubt as to their application must be resolved in favor of the taxpayer and against the taxing power.

*Mississippi Employment Sec. Comm'n v. PDN, Inc.*, 586 So. 2d 838, 840 (Miss. 1991).

¶6. As to questions of law, it is a well-settled principle that this Court is the "ultimate expositor of the law of this state." *UHS-Qualicare, Inc. v. Gulf Coast Community Hospital, Inc.*, 525 So. 2d 746, 754 (Miss. 1987). Therefore, this Court conducts a *de novo* review on questions of law. *Id.; C.E. Tucker v. Hinds County, MS, and Mississippi Power & Light Company*, 558 So. 2d 869, 872 (Miss. 1990).

> **1. Whether Clark Printing Company, Inc., is a "newly subject employer" or an "eligible employer" under Miss. Code Ann. § 71-5-353 (1972).**

¶7. The MESC most clearly set forth its position (and quandary) in regards to an employer's use of employee leasing firms during the opening statement before the Administrative Law Judge.

. . . . Clark Printing entered into such an agreement with a leasing company. Under Section 3401(d) of the Internal Revenue Code, states, among other things, the definition of an employer. It says the term employer means: the person for whom an individual performs or performed any service of whatever nature as an employee of such person except that if the person for whom the individual performs or performs services does not have control of the payment of the wages for such services, the term employer means the person having control of the payment of wages. **The State of Mississippi has not passed any specific legislation defining who the employer is with regards to people leasing relationships.** In this case, Clark Printing chose to pay someone else and lease their employees. The leasing company paid the workers, and I assume paid all applicable state, local and federal taxes. **Since the Internal Revenue Service considers the leasing company to be the employer, we have also considered the leasing company to be the employer.** In this case, Clark Printing did not become an employer until September 1, 1992, and until they qualify for a modified rate, their rates will be 2.7%. The computation of an employer's tax rate is governed by the law. We have no authority to change or modify any employer's tax rate for any reason other than for errors being made in the computation.

(Emphasis added.)

¶8. In its brief, the MESC argues that the employee leasing concept is new in employer-employee relations. This unfortunately damages MESC's position because they appear to concede that the Mississippi Employment Compensation Law does not account for this new concept.

A number of states have dealt with the problem which this case illustrates by varying degrees of statutory regulation of the employee leasing industry, some only in an unemployment insurance context, and some in a very comprehensive way. **Until there is some such regulation here, problems like this will multiply.**

*Appellee's Brief* at 8 (emphasis added).

¶9. In her Order, the Administrative Law Judge stated:

Clark Printing argues that it has been paying unemployment contributions since the company began, and therefore should not be registered as a new employer. However, the record does not show this to be the case. Instead what the record shows is that Clark Printing had its employees reported to MESC through three companies and paid unemployment contributions based upon the rates of the companies. From 1985 until September, 1992, Clark Printing benefited from the lower rates which were given to the companies which were reporting its employees to MESC. When it changed its method of operation and hired an accounting firm, MESC registered it as a new employer. **While Clark Printing is not a new employer in the sense of just beginning operations, it is a new employer for purposes of the Employment Security Law in that it had never before been registered in its own name and given a rate of contribution and accumulated experience.** Clark Printing employees were reported to MESC by the three payroll services companies with the consent of Clark Printing on the accounts of the companies. Clark Printing benefited from the lower rate which the services had. When Clark Printing stopped using the personnel services firms and hired an accounting firm, it met the statutory

definition of an employer and an employing unit having the requisite amount of workers and wages paid. Even though it was not new in the sense of just beginning business, it was new in the sense of not having been registered before by MESC in its own name. Through a totally consensual arrangement with the payroll services companies, Clark Printing allowed its employees to be reported to MESC and paid contributions to the agency based upon the rates assigned to the payroll services companies. This was part of the agreement.

For seven years Clark Printing enjoyed paying contributions at the lower rates of the payroll services firms. When it changed its method of payroll servicing and was registered in its own name and assigned a rate of 2.7%, it makes the argument that it was the employer all along and should not be subject to the higher rate of a new employer. The company can't have it both ways.

(Emphasis added.)

## LAW

¶10. Both the Mississippi Employment Security Law and case law hold that the test of employer and employee is determined by common law master-servant doctrine.

Services performed by an individual for wages shall be deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the commission that such individual has been and will continue to be free from control and direction over the performance of such services both under his contract of service and in fact; and the relationship of employer and employee shall be determined in accordance with the principles of the common law governing the relation of master and servant.

Miss. Code Ann. § 71-5-11(I)(14) (1972).

¶11. Our case law concerning employment compensation states:

[T]he test as to who is a servant is stated to be whether the service is rendered by one whose physical conduct, time and activities in the performance of his duties are controlled, or are subject to the right of control, by the alleged master under the contract of employment or hire.

*Mississippi Employment Sec. Comm'n v. PDN, Inc.*, 586 So. 2d 838, 842 (Miss. 1991).

¶12. The action of the MESC and the ruling of the Administrative Law Judge are in direct contradiction to the statutory law in this State. In this case, the undisputed evidence reveals that Clark Printing had complete control over its employees. Thus, Clark Printing is the employer under Section 71-5-11(I)(14). Clark Printing has exercised exclusive control over its employees since 1985. This fulfills the definition of eligible employer under Section 71-5-353 of the Mississippi Code.

¶13. We note that the MESC is not left out in the cold with a ruling that Clark Printing has been an eligible employer since 1985. Clark Printing will continue to pay employment compensation taxes at the rate an employer doing business since 1985 would pay. The MESC is not without recourse. Under existing statutes, the MESC may challenge the rates that "employee leasing firms" report for their "employees." If the MESC carries the burden placed on them by the Mississippi Employment

Compensation Law, the MESC might require the "leasing firm" to remit taxes at the rate that the true employer would be required to pay.

¶14. As to MESC's argument that it is unfair for Clark Printing to benefit from its relationship with various "employee leasing firms," this Court is an inappropriate forum to seek a remedy. If this burden imposed by our statutes is too heavy for the MESC to realistically carry, then the MESC should seek relief by asking the Legislature to address the problem of "leasing firms." This Court will not, by fiat, carve an exception to the Mississippi Employment Compensation Law because of the recent evolution of "employee leasing firms." *See Kelly v. Mississippi Valley Gas*, 397 So. 2d 874, 876-77 (Miss. 1981) (holding that public policy exception to employment-at-will doctrine is a question for the Legislature).

¶15. Without any burden on them, Clark Printing proved that it has been an employer, as defined by the Mississippi Employment Compensation Law, since 1985. Thus, it is an eligible employer under Section 71-5-353 of the Mississippi Code. We reverse and remand the judgment of the Circuit Court of Hinds County with orders to further remand this case to the MESC to compute the appropriate contribution rate of Clark Printing and refund any excess taxes paid.

**¶16. REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND SMITH, JJ., CONCUR.**