RUSSELL, J„
for the Court:
¶ 1. Cedqueta Lee (pro se) appeals the judgment of the Bolivar County Circuit Court, affirming her denial of unemployment-compensation benefits by the Board of Review of the Mississippi Department of Employment Security (“Board of Review”). The Board of Review found that Lee was ineligible to receive unemployment-compensation benefits, due to employee misconduct. Lee claims the circuit court’s judgment and the decision of the Board of Review were not supported by substantial evidence. Finding no error, we affirm the judgment of the circuit court.
FACTS AND PROCEDURAL HISTORY
¶ 2. Lee was employed by Needle Specialty Products Corporation in Boyle, Mississippi, as a molding operator from May 7, 2007 until her termination on July 16, 2011. On July 13, 2011, the facility’s air conditioner stopped working, and Lee proceeded to shut down her machine. Cassandra Turner, supervisor, issued Lee a written warning for shutting down her machine without supervisor approval, and called Lee into her office to sign the warning. Human resources manager, Robert Knight, was also present during the incident. After reading the warning, Lee be *1158 gan to yell loudly, and refused to sign the warning. Knight and Turner asked Lee to calm down. Lee refused, and continued to yell. Knight then placed Lee on a three-day suspension, and asked Lee to turn in her entrance key. Lee stated she did not have the key in her possession. Lee was instructed twice by Knight to return to work on July 19, 2011, at 8:00 a.m.
¶ 3. On July 14, 2011, Lee returned to work to pick up her paycheck. Knight told Lee that she could have her paycheck once she returns her entrance key. Lee yelled, “If you’re going to fire me, just go on ahead, let me know[,] and I won’t even have to get out of bed Tuesday morning.” At this point, Lee still had not turned in her entrance key. Lee then left the premises. On July 19, 2011, Lee returned to work at 6:00 a.m., and was terminated for insubordination.
¶ 4. That same day, Lee filed a claim for unemployment-compensation benefits. The claims examiner found that Lee was ineligible for unemployment benefits since her termination was due to employee misconduct. A hearing before an administrative law judge (ALJ) was held on September 6, 2011. The ALJ found that Lee’s behavior during the events leading up to her termination constituted employee misconduct and affirmed Lee’s denial of unemployment benefits. Lee appealed this decision to the Board of Review on September 26, 2011. The Board of Review affirmed the decision of the ALJ on September 28, 2011. Lee appealed to the Circuit Court of Bolivar County, which affirmed the decision of the Board of Review. From this decision, Lee now appeals to this Court.
STANDARD OF REVIEW
¶ 5. The proper standard of review for administrative appeals is as follows: “In the absence of fraud, an order from a Board of Review ... on the facts is conclusive in the [trial] court, if supported by substantial evidence. This Court and the circuit court [are] limited to the findings of the Board of Review.” Estate of Dulaney v. Miss. Emp’t Sec. Comm’n, 805 So.2d 643, 645 (¶ 11) (Miss.Ct.App.2002) (quoting Miss. Emp’t Sec. Comm’n v. PDN, Inc., 586 So.2d 838, 840 (Miss.1991)).
¶ 6. “On appeal, employees have the burden of overcoming a rebuttable presumption in favor of the [Board of Review’s] decision.” Id. (citing Miss.Code Ann. § 71-5-531 (Rev.2011)). “The denial of benefits may be disturbed only if (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope of power granted to the agency, or (4) in violation of the employee’s constitutional rights.” Id. at 646 (¶ 11) (citing Miss. Comm’n on Envtl. Quality v. Chickasaw Cnty. Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993)).
DISCUSSION
¶ 7. Lee contends that Knight and Turner failed to prove through substantial evidence that Lee’s actions rose to the level of employee misconduct, which would warrant her denial of unemployment-compensation benefits. Lee argues that she was terminated due to a comment she made in reference to the facility’s broken air-conditioning unit, and that her comment did not constitute misconduct. The law governing employee disqualification from receiving unemployment benefits due to misconduct provides, in relevant part:
An individual shall be disqualified for benefits:
[[Image here]]
(b) For the week, or fraction thereof, which immediately follows the day on which he was discharged for misconduct connected with his work, if so found by *1159 the department, and for each week thereafter until he has earned remuneration for personal services performed for an employer, as in this chapter defined, equal to not less than eight (8) times his weekly benefit amount, as determined in each case.
(c) The burden of proof of good cause for leaving work shall be on the claimant, and the burden of proof of misconduct shall be on the employer.
Miss.Code Ann § 71-5-518 (Supp.2012).
¶ 8. The Mississippi Supreme Court has defined employee misconduct as follows:
The meaning of the term “misconduct,” as used in the unemployment compensation statute, [is] conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, [fall] within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion [are] not considered “misconduct” within the meaning of the statute.
Johnson v. Miss. Emp’t Sec. Comm’n, 761 So.2d 861, 865 (¶ 16) (Miss.2000) (quoting Wheeler v. Arriola, 408 So.2d 1381, 1388 (Miss.1982)).
¶ 9. During the hearing before the ALJ, Knight stated that on July 13, 2011, when the company’s air-conditioning unit stopped working, many of the employees, including Lee, left their work stations, walked into the hallway, and refused to continue working. Knight also stated that when Lee shut down her machine, she began “mouthin[g] off, bein[g] very insubordinate about it.” According to Knight, when Turner called Lee into her office to issue Lee a written warning, Lee began to yell loudly at Turner, and refused to sign the warning. Knight stated that after both he and Turner asked Lee to calm down, Lee’s behavior persisted, and Knight placed Lee on a three-day suspension. Knight testified that he instructed Lee to turn in her key and return to work on the following Tuesday, July 19, 2011, at 8:00 a.m.
¶ 10. It is undisputed that Lee returned to the work facility to obtain her paycheck on July 14, 2011. Knight stated that he informed Lee that she must turn in her entrance key in order to receive her paycheck. According to Knight, at that moment, Lee became loud and argumentative, and yelled, “If you’re going to fire me, just go on ahead, let me know[,] and I won’t even have to get out of bed Tuesday morning.”
¶ 11. The ALJ asked Knight if he and Turner had already made the decision to terminate Lee on the day she returned to pick up her paycheck. Knight stated that they had not. According to Knight, it was not until the morning of July 19, 2011 that he and Turner decided to terminate Lee due to her continual insubordination. Knight testified that he instructed Lee twice to return to work on July 19 at 8:00 a.m.; and yet, Lee returned to work two hours earlier than instructed.
¶ 12. Knight stated that insubordination was the reason Lee was discharged, and that the insubordination came from a number of factors, including: (1) Lee’s shutting down her machine without super *1160 visor approval, and her subsequent refusal to sign the written warning detailing her actions; (2) Lee’s loud and argumentative behavior during the write-up, and during the time she arrived to pick up her paycheck; and (3) Lee’s showing up to work two hours prior to the time she was instructed. Our supreme court has held that “[ijnsubordination in the form of constant or continuing refusal to obey a direct or implied order, reasonable in nature, and given by and with proper authority constitutes misconduct within the meaning of the statute.” Trading Post, Inc. v. Nunnery, 731 So.2d 1198, 1201 (¶ 9) (Miss.1999) (citing Shannon Eng’g & Constr., Inc. v. Miss. Emp’t Sec. Comm’n, 549 So.2d 446, 449 (Miss.1989)).
¶ 13. Based on our review of record, we find that Lee’s actions leading up to the date of her termination constitute misconduct within the meaning of the statute. Lee displayed a willful and wanton disregard for her employer’s interest by her continual refusal to obey orders given by Knight and Turner. This type of behavior rises to the level of employee misconduct, which disqualifies Lee from the receipt of unemployment benefits under Mississippi law. Because substantial evidence exists to support the Board of Review’s finding that Lee was ineligible for unemployment-compensation benefits, we affirm the circuit court’s judgment.
CONCLUSION
¶ 14. We find that the decision of the Board of Review was supported by substantial evidence, was not arbitrary or capricious, was not beyond the scope of the powers of the agency, and was not in violation of Lee’s constitutional rights. Furthermore, we find that Lee’s actions constitute employee misconduct under Mississippi law, which warrants the denial of unemployment benefits. For these reasons, we affirm the judgment of the Bolivar County Circuit Court.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY IS AFFIRMED.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.