# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2022

Lyle W. Cayce
Clerk

No. 22-60094

Megan Britt,

*Plaintiff—Appellee,*

*versus*

Mississippi Farm Bureau Casualty Insurance Company;
Southern Farm Bureau Life Insurance Company,

*Defendants—Appellants.*

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No: 1:17-CV-219

Before King, Stewart, and Haynes, *Circuit Judges.*

Per Curiam:*

Appellants Mississippi Farm Bureau Casualty Insurance Company
and Southern Farm Bureau Life Insurance Company ("Insurance

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Companies") appeal the district court's order holding that they waived the issue of Appellee Megan Britt's ("Britt") employment status by failing to move for summary judgment on the issue. We agree with the Insurance Companies that this issue is not waived. Therefore, we REVERSE and REMAND for proceedings consistent with this opinion.

## I.     Background

Britt sold insurance for the Insurance Companies pursuant to two separate agent contracts. Britt alleges that she experienced abusive and sexist treatment while working for the Companies and that she was wrongfully terminated. After properly exhausting administrative remedies, Britt sued the Insurance Companies for, inter alia, violations of Title VII and Mississippi state law. Each of these claims is predicated on Britt's status as an "employee" of the Insurance Companies, as opposed to an "independent contractor." *See* 42 U.S.C. §§ 2000e(b), 2000e–2; *Junio v. Livingston Par. Fire Dist. No. 5*, 717 F.3d 431, 434 (5th Cir. 2013); *Estate of Turner v. Town Pharmacy & Gifts, LLC*, 310 So. 3d 1229, 1230 (Miss. Ct. App. 2021) (noting that under Mississippi Supreme Court precedent, "an *employee* may sue her employer for damages if she is fired for reporting a criminal act of her employer"); *see also Miss. Emp. Sec. Comm'n v. PDN, Inc.*, 586 So. 2d 838, 841–42 (Miss. 1991) (discussing the factors to be considered in determining the employee/independent contractor issue).

The Insurance Companies moved to dismiss Britt's operative complaint, arguing, among other things, that Britt failed to plausibly allege that she was their "employee" for Title VII purposes. The district court denied both motions. At the close of discovery, the Insurance Companies moved for summary judgment. Both assumed, for purposes of the motions only, that Britt was the Insurance Companies' employee. However, the Insurance Companies explicitly stated that they reserved the right to assert

Britt's status as an independent contractor at trial and in subsequent proceedings.[1]  Britt did not file her own motion for summary judgment, but she opposed the Insurance Companies' motion.  In her response, she asserted that the Insurance Companies waived any arguments regarding her employment status by failing to assert them in their motions.

The district court, in an order labeled "Order Denying Summary Judgment," denied the Insurance Companies' motions, concluding that genuine issues of material fact existed as to Britt's claims.  But then the district court went on at length to conclude that, despite "[the Companies'] vague attempt to retain the issue for 'later proceedings in this case and/or beyond,' they have not apprised the court of their intention to readdress the issue of the employment relationship at the trial of this cause," wholly ignoring that the Insurance Companies were assuming employment *only* for summary judgment purposes.  It based this alleged waiver on the fact that the Insurance Companies declined to (1) move for reconsideration or seek an interlocutory appeal of its denial of their motions to dismiss, (2) voice their intent to readdress the employment issue at trial, (3) seize the "judicially efficient opportunity to address the matter under Rule 56," or (4) "rebut [Britt's] assertions and evidence that she [was the Insurance Companies'] employee for the purposes of Title VII." It then "deem[ed] Britt an employee of the defendants for Title VII purposes."

---

[1] Mississippi Farm Bureau's motion stated, "For purpose of this Motion only and without waiving any right to assert Britt's status as an independent contractor in any later proceedings in this or any other matter, [Mississippi Farm Bureau] asks this Court—for now—to assume that [Britt] was an employee." Southern Farm Bureau's motion similarly stated that "[s]olely for purpose of this Motion for Summary Judgment [Southern Farm Bureau] will construe the facts as alleged by Britt as true—including the factual allegation that she is an employee of [Southern Farm Bureau]" but "[Southern Farm Bureau] reserves all rights to contest Britt's assertion that there was an employer/employee relationship between the company and herself in any later proceedings."

No. 22-60094

The district court declined the Insurance Companies' motions for reconsideration. However, it certified its summary judgment order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). We granted the Insurance Companies' joint petition for permissive appeal of the district court's waiver ruling.

## II.   Standard of Review

We generally review a district court's summary judgment ruling de novo. *Tanks v. Lockheed Martin Corp.*, 417 F.3d 456, 461 (5th Cir. 2005). We recognize jurisdiction under § 1292(b) is limited to controlling questions of law in the relevant order, and therefore apply de novo review to the district court's relevant legal conclusion. *Id.*[2]

## III.   Discussion

The Insurance Companies were not required to press their claim at summary judgment to preserve it for trial. It's well established that the purpose of summary judgment is to winnow down claims and "avoid[] unnecessary trials." *Carantzas v. Iowa Mut. Ins. Co.*, 235 F.2d 193, 195 (5th Cir. 1956). Summary judgment, however, is not "a penny contrivance to take unwary litigants into its tolls and deprive them of a trial." *Whitaker v. Coleman*, 115 F.2d 305, 307 (5th Cir. 1940). As such, litigants are not required to move for summary judgment on every claim, indeed, they are not required to move for summary judgment at *all*. Rule 56 makes this explicit: "A party *may* move for summary judgment, identifying *each claim or defense*—or the

---

[2] Britt urges that abuse of discretion is the appropriate standard of review because the district court's waiver holding addressed a "matter[] closely associated with the standard functions of the adjudicative process." That's incorrect. The district court's ruling was not "case management"—it was a ruling on a legal question in the case itself. Therefore, no deference is owed to the district court. *See Fraser v. Patrick O'Connor & Assocs., L.P.*, 954 F.3d 742, 745 (5th Cir. 2020) ("This court reviews the district court's factual findings for clear error and its legal conclusions *de novo*.").

No. 22-60094

*part of each claim or defense*—on which summary judgment is sought." Fed. R. Civ. P. 56(a) (emphasis added).

The district court's ruling, therefore, turns Rule 56 upside down, relying on a totally incorrect assumption that a party *must* move for summary judgment on an issue or else that party will be deemed to have waived the issue.[3] Not only does it render summary judgment—a discretionary motion—mandatory, it also unjustifiably alleviates Britt's burden to prove all elements of her claims at trial. Indeed, under both Title VII and Mississippi state law, Britt, and not the Insurance Companies, bears the initial burden of establishing her employment status.[4] *See* 42 U.S.C. § 2000e(b); *Diggs v. Harris Hosp.—Methodist, Inc.*, 847 F.2d 270, 271–73 (5th Cir. 1988) (addressing Title VII); *Estate of Turner*, 310 So. 3d at 1234 (addressing state law *McArn* claims). The Insurance Companies' decision not to raise this issue in its motion for summary judgment does not relieve Britt of this burden.[5] Moreover, the district court does not have "case management" discretion to reject the Rules of Civil Procedure in the name of punishing "gamesmanship."

---

[3] The concurrent notion that a party must both move for reconsideration of a motion to dismiss and seek interlocutory appellate review to preserve an argument is also highly inconsistent with the law and reality: appellate courts have very limited jurisdiction over interlocutory appeals, rightly so.

[4] Britt's citation to *Wood v. Milyard*, 566 U.S. 463, 474–75 (2012), is completely inapposite. There, the Supreme Court deemed the State's statute of limitations defense waived when the State explicitly declined to challenge it in the district court. *Id.* at 474. However, the Supreme Court was addressing whether the State waived its defense on *appeal*, not, as in this case, its ability to contest it within the same proceeding. *See id.* Additionally, in *Wood*, the party contesting waiver, the State, had the initial burden to establish the applicability of its affirmative defense. *Id.* But here, Britt, not the Insurance Companies, bears the initial burden of establishing her employment status.

[5] The same is true for their decisions not to seek reconsideration of the order denying their motions to dismiss or rebut Britt's factual allegations prior to trial.

Finally, we decline Britt's invitation to construe the district court's ruling as a grant of partial summary judgment. Such a grant would be *sua sponte*, which has its limits, and, at the very least, the district court would need to enter an order as such.[6] Instead, under the heading "Ruling," the district court stated: "Because of the existence of genuine issues of material fact, the court finds that summary judgment is inappropriate in this case. Accordingly, the defendants' motions for summary judgment are hereby DENIED in their entirety." The court did not state that it was granting summary judgment on waiver. Instead, in the background of the order it stated that it was "deem[ing] Britt an employee of the defendants for Title VII purposes." It seems clear that the district court was trying to make a "case management" type of decision (perhaps to avoid the requirements of a *sua sponte* summary judgment), but regardless of how it framed its ruling, it amounted to an erroneous legal conclusion which it had no discretion to make. *See United States v. Solis*, 299 F.3d 420, 435 (5th Cir. 2002) (noting that we review legal conclusions in a district court's order de novo).

In sum, we hold that the Insurance Companies did not waive the issue of Britt's employment status for purposes of her Title VII and Mississippi state law claims. Accordingly, we REVERSE and REMAND to the district court for proceedings consistent with this opinion.

---

[6] We similarly reject Britt's reliance on *Belmaggio v. Dalton*, 159 F.3d 1355, 1355 (5th Cir. 1998) (unpublished). In that case, we noted an exception for instances in which "the losing party has had a full and fair opportunity to ventilate the issues involved in the motion." *Id.* (internal citation and quotation omitted). Here, unlike *Belmaggio*, the parties had not previously filed motions for summary judgments and responses addressing the employment-status issue. *See id.* In fact, neither party had raised the issue in a motion for summary judgment at all. Thus, *Belmaggio* is inapposite.